**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE MARC E. GROSSMAN, | CASE NO. MC F 08-0014 LJO |
| Respondent, | **ORDER TO SHOW CAUSE WHY COUNSEL SHOULD NOT BE HELD IN CONTEMPT** |
| | Date:  August 8, 2008<br>Time:  1:30 p.m.<br>Dept.:  4 (LJO) |
| _____ / | |

## BACKGROUND

On April 8, 2008, counsel Marc E. Grossman ("Mr. Grossman") filed on behalf of petitioner Rene Quintanilla a document (Doc. 20) entitled: "PETITIONER'S REQUEST TO VACATE ORDER DENYING UNREQUESTED AND UNNECESSARY CERTIFICATE OF APPEALABILITY (COA)."

In the filed document that was apparently signed by Mr. Grossman as an officer of the court, Mr. Grossman suggested that United States Senior District Judge Oliver W. Wanger ("Judge Wanger"), to whom this action had been assigned, harbored some type of bias. Mr. Grossman accused Judge Wanger of **knowingly** issuing an order containing a false statement. He further suggested and implied that Judge Wanger is not a reasonable, respected jurist. Based on these accusations, Mr. Grossman requested that Judge Wanger "recuse himself from further adjudication of claims by state prisoners, at

1

1 least those claims against the California parole board and Governor."

2     As a result of this personal attack, Judge Wanger issued an order referring the matter to the Clerk of the Court "for random assignment to another District Judge for the purpose of determining the efficacy of the Petitioner's recusal request, treated as a motion for recusal." (April 18, 2008 Order).  The Clerk of Court randomly selected the undersigned to make the determination on the issue of recusal, and an Order of Reassignment was issued April 21, 2008.

8     Pursuant to the assignment, on May 1, 2008, this Court issued its ORDER ON MOTION FOR RECUSAL to set up a briefing and hearing schedule to determine the issue.  Points and Authorities, including declarations, were ordered to be filed on or before May 30, 2008.  Oral argument was scheduled for June 6, 2008.  Mr. Grossman was ordered to present at the hearing.  There was a further provision that if the date became an impossibility on Mr. Grossman's calendar, that he must call chambers on or before May 9, 2008.  Counsel was given an option of having an evidentiary hearing on the date set for oral argument, but this would require notice to the Court of that desire on or before May 17, 2008, with an indication of a list of anticipated witnesses, anticipated testimony and time estimate.

18     The Court received no points and authorities, no declarations, no request for a change of date for the hearing, and no request for an evidentiary hearing.  On June 6, 2008 at 1:30 p.m. as scheduled and noticed, the matter was called in Courtroom 4 of the United States Courthouse.  There was no appearance by Mr. Grossman as ordered or by anyone else on his behalf.

23     The current rebuttable inference that this Court draws is that the accusations of April 8, 2008 against Judge Wanger have no basis in fact to warrant consideration whether Mr. Grossman should be held in contempt.

## **CONTEMPT STANDARDS**

27 18 U.S.C. § 401 empowers this Court "to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority" including "[m]isbehavior of any of its

officers in their official transactions" and "[d]isobedience or resistance to its lawful writ, process, order, rule, decress, or command."  "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submissions to their lawful mandates." *Anderson v. Dunn*, 6 Wheat. 204, 227, 5 L.Ed. 242 (1821).

A court's contempt power is inherent. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123 (1991). "This power reaches both conduct before the court and that beyond the court's confines, for '[t]he underlying concern that gave rise to contempt power was not . . . merely the disruption of court proceedings.'" *Chambers*, 501 U.S. at 44, 111 S.Ct. 2123 (quoting *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798, 107 S.Ct. 2124 (1987)).

Contempt includes an act calculated "to embarrass, hinder, or obstruct the court in the administration of justice or which is calculated to lessen its authority or it dignity." *United States v. Pearson*, 62 F.Supp. 767, 769 (D.C. Cal. 1945). "A contempt is a wilfull disregard or disobedience of public authority and the requisite wrongful intent may be inferred from an attorney's reckless disregard of his obligations to the Court." *In re Allis*, 531 F.2d 1391, 1392, *cert. denied*, 429 U.S. 900, 97 S.Ct. 267 (1976).

"There is a point where 'mere words are so offensive and so unnecessary that their very utterance creates a delay which is an obstruction of justice." *United States v. Thoreen*, 653 F.2d 1332, 1340 (9th Cir. 1981) (quoting *Gordon v. United States*, 592 F.2d 1215, 1217 (1st Cir. 1979)). Counsel "never has the right to let his temper, his zeal, or his intention lead him into disrespectful, accusative language to the court." *MacInnis v. United States*, 191 F.2d 157, 159 (9th Cir. 1951) (statements to court that "you should cite yourself for misconduct" and "you ought to be ashamed of yourself" are "per se"[] contemptuous"). "Making misrepresentations to the fact finder is inherently obstructive because it frustrates the rational search for truth. It may also delay the proceedings." *Thoreen*, 653 F.2d at 1340-1341; *see also Bell v. Hongisto*, 501 F.2d 346, 356-357 (9th Cir. 1974) (attorney who refused to proceed with trial after denial of request to disqualify

1  judge was properly held in contempt).

2      Proof of an evil motive or actual intent to obstruct justice is unnecessary. *Thoreen*, 653 F.2d at 1342; *see Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983)("Intent is not an issue in civil contempt proceedings.") Nonetheless, intent may be inferred from the facts and circumstances. *Thoreen*, 653 F.2d at 1342. An attorney's intent or willfulness may be inferred if his conduct discloses "a reckless disregard" for his professional conduct or duty. *Thoreen*, 653 F.2d at 1342; *Rojas v. United States*, 55 F.3d 61, 63 (2nd Cir. 1995).

## CONCLUSION AND ORDER

With the above standards in mind, this Court ORDERS counsel Marc E. Grossman to TO SHOW CAUSE why he should not be found in contempt of court for issuing unjustified allegations of dishonesty against a United States Senior District Judge and for disobeying a lawful court order (to be present at the hearing set for June 6, 2008). Mr. Grossman is to appear to show cause on Friday, August 8, 2008 at 1:30 p.m. in Dept. 4 (LJO) of this Court. Any and all points and authorities, declarations and requests are to be filed no later than July 29, 2008.

IT IS SO ORDERED.

**Dated:   June 9, 2008**               **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE